IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WILLIAM WINTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 06-CV-229-TCK-PJC |
| | ) | |
| HASKELL HIGGINS, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Before the Court is Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations and brief in support (Dkt. #s 10 and 11). Petitioner, a state inmate represented by counsel, filed a response to the motion to dismiss (Dkt. # 21), and an amended response (Dkt. # 24). Respondent's motion to dismiss is premised on 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which imposes a one-year limitations period on habeas corpus petitions. For the reasons discussed below, the Court finds Petitioner failed to seek habeas corpus relief prior to expiration of the limitations period. Therefore, the motion to dismiss shall be granted and the petition for writ of habeas corpus shall be dismissed with prejudice.

### *BACKGROUND*

The record reflects that on September 3, 2003, Petitioner was convicted on his plea of guilty of Child Abuse in Washington County District Court, Case No. CF-2002-229. See Dkt. # 11, Ex. 1. Petitioner was sentenced on that date to twenty (20) years, with the first eight (8) years to be served in custody. Judgment and Sentence issued on October 22, 2003, and was "ret'd executed on October 23, 2003." Id. Petitioner did not move to withdraw his guilty plea and did not otherwise perfect a *certiorari* appeal to the Oklahoma Court of Criminal Appeals ("OCCA").

On September 3, 2004, Petitioner filed an application for judicial review. The application was denied on October 12, 2004. See Dkt. # 11, Ex. 1.

On April 1, 2005, Petitioner filed an application for post-conviction relief in the state district court. Id. On November 8, 2005, the request for post-conviction relief was overruled. Id. A certified copy of the order denying post-conviction relief was sent to Petitioner on January 18, 2006. Id. Petitioner appealed the district court's order denying post-conviction relief to the OCCA. By Order filed March 22, 2006, in No. PC-2006-154, the OCCA dismissed the post-conviction appeal, finding that Petitioner had failed to provide a sufficient record for appellate review. See Dkt. # 11, Ex. 2.

Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1) on April 24, 2006.

## *ANALYSIS*

The AEDPA, enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

        (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but can also commence under the terms of § 2244(d)(1)(B), (C), and (D). In addition, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

Application of § 2244(d)(1)(A) to the instant case leads to the conclusion that this habeas petition was filed after the expiration of the one-year limitations period. Because Petitioner failed to perfect a direct appeal, his conviction became final ten (10) days after pronouncement of his Judgment and Sentence, or on September 15, 2003.[1] See Rule 4.2, *Rules of the Court of Criminal Appeals* (requiring the defendant to file an application to withdraw guilty plea within ten (10) days from the date of the pronouncement of the Judgement and Sentence in order to commence an appeal from any conviction of a plea of guilty); see also Fisher v. Gibson, 262 F.3d 1135, 1142 (10th Cir. 2001) (finding that for purposes of the limitations period under 28 U.S.C. § 2244(d), an Oklahoma conviction following a guilty plea became final ten days after entry of the judgment and sentence). Therefore, Petitioner's one-year limitations clock began to run on September 15, 2003, and, absent a tolling event, a federal petition for writ of habeas corpus filed after September 15, 2004, would be

---

[1] Monday, September 15, 2003, was the first business day ten (10) days after September 3, 2003, when the trial court pronounced judgment and sentence.

3

untimely.[2]  See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003).

Although the limitations period would be tolled during the time when Petitioner had "a properly filed application for State post-conviction or other collateral review" pending in the state courts, 28 U.S.C. § 2244(d)(2), the Court finds that in this case, Petitioner did not file an application for post-conviction relief during the one year limitations period which ended on September 15, 2004. The application for judicial review, filed on September 3, 2004, was not a "post-conviction proceeding" for purposes of tolling the AEDPA limitations period.  See Nicholson v. Higgins, 147 Fed.Appx. 7, 8 n. 2 (10th Cir. 2005) (determining that because motions filed pursuant to Okla. Stat. tit. 22, § 982a, seek discretionary review and their denial is not appealable, they cannot be construed as applications for post-conviction relief and do not toll the limitations period under § 2244(d)(2)).

In addition, Petitioner's application for post-conviction relief does not toll the limitations period because it was filed on April 1, 2005, after the limitations period had already expired. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations.  Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001).  Only post-conviction applications properly filed during the one year limitations period can toll the running of the period.  Moore v. Gibson, 250 F.3d 1295, 1298-99 (10th Cir. 2001).  Therefore, unless Petitioner demonstrates that he is entitled to other statutory or equitable tolling of the limitations period, his petition filed April 24, 2006, is clearly untimely.

In response to the motion to dismiss, Petitioner concedes that the one-year limitations period

---

[2]Respondent asserts that Petitioner's conviction became final on November 3, 2003, or the first business day ten (10) days after the October 23, 2003, return of the executed Judgment and Sentence, as reflected on the state district court's docket.  Even if the Court recognizes that date, the outcome remains the same in this case.  The instant habeas petition was not filed within one year of November 3, 2003, or on or before November 3, 2004.

had expired prior to the filing of his petition. See Dkt. # 24. However, Petitioner asserts that he is entitled to equitable tolling of the limitations period. The statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling, where extraordinary circumstances beyond the prisoner's control prevent him from timely filing his petition, but the prisoner must demonstrate he has diligently pursued his claims to avail himself of equitable tolling. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir.1998); see also Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). In this case, Petitioner has not met the burden of pleading "rare and exceptional circumstances" sufficient to warrant equitable tolling. Gibson, 232 F.3d at 808 (stating that AEDPA's statute of limitations is subject to equitable tolling in "rare and exceptional circumstances"). Petitioner admits that upon arrival at Lexington Assessment and Reception Center on October 23, 2003, he was told that he would have to serve 85% of his sentence before becoming eligible for earned credits and/or parole. Almost a year and a half passed before Petitioner challenged the validity of his plea by filing his application for post-conviction relief on April 1, 2005. Petitioner attributes the delay to his *pro se* status and limited access to legal materials during that time period. However, neither Petitioner's *pro se* status nor conclusory allegations regarding access to legal material justify equitable tolling. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]t is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'") (citations omitted). There is simply no evidence in this case that Petitioner diligently pursued his federal claims during the limitation period. Petitioner has failed to demonstrate that his inability to file his habeas petition within the one-year period was due to circumstances beyond his control. Gibson, 232 F.3d at 808.

The Court also recognizes that Petitioner complains that "counsel had given false

information at the time of his plea." See Dkt. # 24. Petitioner asserts that at the time he entered his plea, his trial counsel had promised him he would be released in 18-26 months. After entering his plea of guilty, Petitioner learned that he will be required to serve 85% of his sentence day for day before even being considered for parole. See id. Petitioner claims he would not have entered a plea of guilty had his attorney given him an accurate picture of the maximum sentence he faced at the time of his plea. However, those allegations go to the merits of Petitioner's claims and do not entitle Petitioner to equitable tolling of the limitations period.

Finding no statutory or equitable basis for extending the limitations period, the Court concludes the petition filed April 24, 2006, is untimely. Respondent's motion to dismiss shall be granted.

## *CONCLUSION*

Petitioner failed to file his petition for writ of habeas corpus within the one-year limitations period. Therefore, the petition for writ of habeas corpus shall be dismissed with prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 10) is **granted**.

2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice.**

DATED THIS 26th day of January, 2007.

TERENCE KERN
UNITED STATES DISTRICT JUDGE